LEWIS L. WILCOX *vs.* THE WILMINGTON CITY RAILWAY CO.

*Trial—Election Between Cases—Continuance—Costs.*

1. Where separate actions have been brought involving the same matters, but in one of which plaintiff sues individually and in the other in his capacity as administrator, he may elect as to which case he shall try, where the trial of the one case will decide the other.

2. Where plaintiff brings two separate actions concerning the same matter, one as administrator and the other individually, he is not required to pay the costs as a condition to being allowed to continue the one case on the ground that it would be determined by the other case.

3. The effect of a discontinuance of a case is a judgment against plaintiff for costs.

(<i>February 25, 1898.</i>)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*Horace Greeley Knowles* for plaintiff.

*Willard Saulsbury* for defendant.

Superior Court, New Castle County, February Term, 1898.

MOTION FOR CONTINUANCE.

The above entitled cause was brought to the September term, 1897, and at the February term was placed at the foot of the list of the calendar of cases for trial by the general jury. Mr. Knowles also brought suit at the same term for the same plaintiff as Administrator of Johanna G. Wilcox against the Wilmington City Railway Company, which case was placed upon the list of cases for trial by special jury under date of March 9, 1898.

On February 25, 1898, Mr. Knowles moved for a continuance of the former case until the May term, on the ground that the trial or settlement of the case of Wilcox as Administrator would determine the case in which Wilcox had sued the Wilmington City Railway Company in his own right; and stated that the same matters were involved in both cases.

LORE, C. J :—You may elect which case you will try. You may elect to stand on one case and let the other go. In a case in which I was counsel on one side and Mr. Nields on the other, after an argument lasting a half day the Court permitted me to elect which case I would try.

*Mr. Saulsbury:*—I do not ask that he shall be made to elect.

*Mr. Knowles :*—If my learned friend does not agree to let the case of Lewis Wilcox against the Wilmington City Railway Company go over and rest upon the case of Lewis Wilcox, Administrator of Johanna G. Wilcox, then I will ask that the former case be discontinued.

*Mr. Saulsbury :*—I ask that the witnesses be called and that a rule be laid on the counsel to pay the costs before he is allowed to prosecute the other action.

LORE, C. J :—That is the rule where the suit has been brought and you attempt to bring another suit, being between the same parties and in relation to the same subject matter. These by the record are two distinct suits and are already brought. They are in a different right absolutely; one as administrator and the other personally.

The effect of a discontinuance is a judgment against the plaintiff for costs.

*Mr. Saulsbury :*—I want them paid.

LORE, C. J :—After discontinuing this suit he could not bring another suit between the same parties without paying costs in the first case. That is the extent of our ruling. But here are two suits running at the same time, plead to issue, ready for trial. I have never known the rule to go to the extent you claim.

We cannot make the rule you request.